IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUYNH TRAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WALNUT CREEK, et al.,<br><br>    Defendants. | Case No. 25-cv-04680-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS (Dkt. 15)** |

Plaintiff Quynh Tran sues Defendants City of Walnut Creek, County of Contra Costa, Sergeant Joseph Coffin, and 50 Doe Defendants for allegedly violating her civil rights following her arrest and brief detention in December 2024. The County now moves to dismiss on the grounds that Tran failed to comply with the California Government Claims Act, under which she was required to submit a timely claim to the County, and that she fails to state a claim. The Court finds this matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b) and **GRANTS** the County's motion.

I.    **BACKGROUND**

Tran alleges that in December 2024 she was trying to park her car in Walnut Creek, California, when Sergeant Coffin and five unidentified officers approached her, physically restrained her, pushed her against a car, and slammed her to the ground. Compl. (dkt. 1) ¶¶ 11, 13. She does not identify whether the officers were City or County employees, though she suggests that both were involved. Id. Tran was arrested for resisting arrest, but no charges were ultimately filed. Id. ¶¶ 15, 21. While under arrest, she was transported to and booked into the County's Martinez Detention Facility, where she was held for 14 hours. Id. ¶¶ 16–17. She alleges that she was not provided with food, water, or medical

care during her time at the facility.  Id. ¶¶ 17–18.

Tran now brings causes of action under 42 U.S.C. § 1983 against Sergeant Coffin and the Doe Defendants, id. ¶¶ 27–46[1]; a municipal liability claim pursuant to Monell v. Department of Social Services against the City and County and the Doe Defendants, id. ¶¶ 47–55; and causes of action under state law (for negligence, IIED, assault and battery, false arrest, and for violations of the Ralph and Bane Acts) against all Defendants, id. ¶¶ 56–95.  The City of Walnut Creek answered Tran's complaint, see Ans. (dkt. 14), while the County of Contra Costa moved to dismiss the claims against it, see Mot. (dkt. 15).[2]  The County argues that Tran failed to comply with the California Government Claims Act, Cal. Gov't Code § 911.2, as to her state-law claims and failed to state a claim upon which relief can be granted as to her municipal liability claim.

## II. LEGAL STANDARD

To bring a state-law claim against a public entity in California, a plaintiff must comply first file a timely claim that sets forth the legal and factual basis for the alleged claims.  Cal. Gov't Code § 945.4.  This is true whether a plaintiff sues in federal or state court.  Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1998).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is facially plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The Court "must take all of the factual allegations in the complaint as true," but it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

---

[1] Tran contends that she asserted these § 1983 claims against the County because she asserted them against Does 16–25, who are County employees.  Opp. (dkt. 17) at 3; see also Compl. ¶ 6.  That is incorrect.  Tran asserted her ¶ 1983 claims only against individual defendants—Sergeant Coffin and the Doe Defendants.  Compl. ¶¶ 27–46.  And for good reason: municipalities like the County must be sued for municipal liability, not vicarious liability for individual acts.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978).
[2] The docket does not indicate that Tran has served Sergeant Coffin.

**III.    DISCUSSION**

The County first argues that the Court should dismiss Tran's state-law claims for failure to comply with the California Government Act's claim presentment requirements, then argues that the remaining municipal liability claim fails to state a claim on which relief can be granted.

**A.    Government Claims Act**

The Government Claims Act requires that anyone looking to sue a state entity, including a municipality, first present a claim to that entity. Cal. Gov't Code § 945.4; State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1245 (2004). A personal injury claim must be submitted within six months and identify the claimant and their address; provide the date, place, and circumstances of the events giving rise to the claim; describe the damages; identify the names of the public employees at fault; and specify the amount claimed. Cal. Gov't Code §§ 910, 911.2. For a claim to be valid, "the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Nelson v. State, 139 Cal. App. 3d 72, 79 (1982); see also White v. Moreno Valley Unified Sch. Dist., 181 Cal. App. 3d 1024, 1031 ("the claimant's judicial pleadings are limited to bases for recovery 'fairly reflected in the written claim'" (citation omitted)). These requirements "are prerequisites to maintaining suit against the entity," and a plaintiff's "[f]ailure to comply with the mandatory requirements is fatal to the cause of action." Nguyen v. L.A. Cnty. Harbor/UCLA Med. Ctr., 8 Cal. App. 4th 729, 732 (1992).

Tran submitted a claim form to the County in January 2025, well within the six-month limit provided by statute. See Claim Form (dkt. 17-2). In the claim form, she provided the following description of the incident giving rise to her claim:

> Tran was waiting to turn into street meter parking. The vehicle behind her honked and yelled. Ms. Tran moved from the spot. The vehicle began following her. Tran pulled over and approached the vehicle. Ms. Tran asked why she was being followed. Officers then arrested her. Sargent [sic] Coffin forced Ms. Tran against the hood of the vehicle. He handcuffed her. Coffin then slammed Tran into the ground.

>As a result, Walnut Creek Police Department caused physical injury to Ms. Tran.

Id. at 6.  Notably, this description does not (1) identify that County personnel were involved in the traffic stop or (2) identify the events at the County's Martinez Detention Facility as a basis for the County's liability.  Compare Compl. ¶¶ 47–95 (alleging that the County is liable due to the presence of its officers at the traffic stop and for events at the Martinez Detention Facility).  Indeed, the County responded to its receipt of Tran's claim by pointing out that it contained "no information regarding Contra Costa County's involvement in the alleged incident." County Resp. (dkt. 16-2).  Tran does not allege in her complaint or assert in her response brief that she followed up with the County to clarify her claim against the County.

The lack of any factual allegations implicating the County in Tran's claim form is fatal to her state-law causes of action under the Government Claims Act.  The allegations she set forth in her claim do not "correspond with the facts alleged in [her] complaint." Nelson, 139 Cal. App. 3d at 79; see also Fall River Joint Unified Sch. Dist. v. Superior Court, 206 Cal. App. 3d 431, 434–35 (1988) (sustaining demurrer as to negligent supervision claim because it was not included in the plaintiff's claim).  Therefore, her state-law causes of action fail for lack of a timely, valid claim.  Bodde, 32 Cal. 4th at 1245.

Tran argues that she substantially complied with the Government Claims Act because her claim form was sufficient to put the County on notice of her claim.  Opp. (dkt. 17) at 5 (citing Connelly v. County of Fresno, 146 Cal. App. 4th 29, 40 (2006)). This argument is unavailing.  To be sure, "the doctrine of substantial compliance may validate [a] claim 'if it substantially complies with all of the statutory requirements even though it is technically deficient in one or more particulars.'" Connelly, 146 Cal. App. 4th at 38 (citation omitted) (cleaned up).  But it "cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." Id.; see also Del Real v. City of Riverside, 95 Cal. App. 4th 761, 769 (2002) ("Substantial compliance contemplates that there is at least some compliance with all of

4

1   the statutory requirements."). Unlike the claim of the plaintiff in Connelly, which
2   identified the factual situation giving rise to the municipality's liability and described its
3   role, 146 Cal. App. 4th at 40–41, Tran's claim wholly failed to mention any allegations
4   that County officers were involved in her initial arrest or that she had been denied food,
5   water, or medical care after being arrested. See Claim Form (identifying Sergeant Coffin,
6   a City official, and unidentified "officers" and then asserting that the "Walnut Creek Police
7   Department caused physical injury to Ms. Tran"). Moreover, the County notified Tran of
8   these deficiencies in her claim as required by California Government Code section 910.8,
9   yet Tran did not correct them as permitted by the statute.

Tran's allegations against the County in this action go well beyond the allegations in her filed claim, so her state-law causes of action must be dismissed for failure to comply with the Government Claims Act. See Bodde, 32 Cal. 4th at 1245; Nguyen, 8 Cal. App. 4th at 732. Having reviewed Tran's claim form, the Court concludes that any amendment to her complaint would be futile and thus dismisses these causes of action with prejudice.

### B. Municipal Liability

This leaves one cause of action against the County—Tran's federal claim for municipal liability under the Monell doctrine. A municipality can only be liable under this doctrine if its official policy or custom causes a constitutional tort. 436 U.S. 658, 690 (1978). A plaintiff who, like Tran, relies on a custom rather than an official policy must allege facts that would "show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted). Further, a plaintiff alleging municipal liability must also allege facts that would "demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [others].'" Castro v. County of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) (quoting City of Canton v. Harris, 489 U.S. 378, 392 (1989)).

Tran fails to allege a viable claim for municipal liability. She alleges " a custom and pattern by peace officers of conduct causing injuries and violating rights," Compl.

¶ 49, but she provides no specifics as to what this custom entails, who participates in it, who knows about it, how long it has been a custom, or anything else that would show that it is a standard operating procedure.³  Tran also alleges no constitutional misconduct other than her own experience, but municipal liability cannot "be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino, 99 F.3d at 918; see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985) (plurality op.) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." (emphasis added)). Thus, she fails to state a claim for municipal liability against the County.

## IV.  CONCLUSION

For the foregoing reasons, the Court dismisses Tran's state-law claims against the County with prejudice and her municipal liability claim against the County without prejudice.  Tran must make any amendment to address the deficiencies in her municipal liability claim against the County within 28 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated: August 4, 2025

CHARLES R. BREYER
United States District Judge

---

³ Tran attempts to minimize the pleading requirements for municipal liability, Opp. at 3–4, but the cases she cites are inapposite because they provide meaningful detail as to the nature of the alleged custom at issue. See Mateos-Sandoval v. County of Sonoma, 942 F. Supp. 2d 890, 899–900 (N.D. Cal. 2013); Galindo v. City of San Mateo, No. 16-cv-3651-EMC, 2016 WL 7116927, at *5–6 (N.D. Cal. Dec. 7, 2016).  Tran's sparse allegations are unlike those in Mateos-Sandoval and Galindo and are instead similar to those that the Ninth Circuit found insufficient in A.E. ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636–37 (9th Cir. 2012) (finding insufficient the plaintiff's allegations that the defendants "'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" that the complaint elsewhere alleged). Indeed, the Mateos-Sandoval distinguished A.E. on this ground. 942 F. Supp. 2d at 900.